MONTGOMERY McCRACKEN
WALKER & RHOADS, LLP
437 Madison Ave
New York, New York 10022
(212) 867-9500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION f/k/a EVERGREEN AMERICA CORPORATION,<br><br>Plaintiff,<br><br>- against –<br><br>GLOBAL SHIPPING AGENCIES, S.A. and GLOBAL SHIPPING AGENCIES S.A.S.,<br><br>Defendants | Civil Action No.:<br>19 Civ. 4958 (MCA)(SCM)<br><br>**AMENDED COMPLAINT TO COMPEL ARBITRATION** |

Plaintiff EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION f/k/a EVERGREEN AMERICA CORPORATION (hereinafter, "Evergreen" or "Plaintiff"), by its attorneys, Montgomery McCracken Walker & Rhoads LLP, brings this Amended Complaint to Compel Arbitration against Defendants GLOBAL SHIPPING AGENCIES, S.A. and GLOBAL SHIPPING AGENCIES, S.A.S. (hereinafter collectively, "GSA" or "Defendants"). In support thereof, Plaintiff alleges on information and belief as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of one of the fifty states, with an office and principal place of business at One Evertrust Plaza, Jersey City, New Jersey 07302.

2. Defendants are corporations organized and existing under the laws of a foreign

1

sovereign, with an office and principal place of business at Calle 6 No. 43 A – 200, Office 1407 Building, Lugo Business Center, Medellin, Antioquia Colombia, and a branch office at Carrera 14 #94-65, Office 301, Bogotá, Colombia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1333, as this is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

4. Venue is proper pursuant to 28 U.S.C. § 1391(c)(3) because Defendants are foreign corporations and not resident in the U.S. In the alternative, venue is also proper pursuant to agreement by the parties for the application of the laws of the State of New Jersey and for arbitration in New Jersey.

## FACTS

5. Plaintiff is the U.S., North America, Central America, and Caribbean agent for providing ocean container line services on behalf of its principals, Evergreen International S.A., Greencompass Marine S.A., and Evergreen Marine Corp. (Taiwan), Ltd.

6. Defendants are companies providing services for ocean container lines in Colombia, including, but not limited to, facilitating the import and export of containers arriving and departing Colombia by ocean carriage, making arrangements for vessels entering and leaving Colombian ports, and preparing shipping documents (the "Agent Services").

7. On December 1, 2003, Plaintiff and Defendants entered into an Agency Agreement ("Agency Agreement"), for Defendants to act as Plaintiff's agent in Colombia and provide Agent Services. A copy of the Agency Agreement, with redactions for confidentiality, is annexed hereto as **Exhibit "A"**.

8. Clause 19 of the Agency Agreement provides:

(a) This Agreement shall be governed by, and construed in accordance with, the laws of the State of New Jersey in the United States of America.

(b) Any and all differences and disputes of Whatsoever nature arising between [Evergreen] and the Agent in respect of this Agreement shall be referred to Arbitration in New Jersey before a Panel of three persons, consisting of one Arbitrator to be appointed by each of the parties hereto and a third by the two chosen. The decision of any two of the three on any point or points shall be final and binding upon both parties. Either party hereto may call for such Arbitration by service in accordance with Clause 19 hereof of a notice specifying the name and address of the Arbitrator chosen by the party wishing to Arbitrate. The other party shall appoint its Arbitrator within fourteen (14) days of receipt of such notice.

9. Clause 20 of the Agency Agreement provides:

Any notice given pursuant to this Agreement shall be in writing and deemed to have been given when delivered by hand or by mail, e-mail, facsimile, telegram, cable or radiogram to the other party's address first shown above or to such other address as other parties may from time to time have specified in writing

10. On December 28, 2018, Plaintiff delivered a Demand For Arbitration (the "Notice") to Defendants. A copy of the December 28, 2018 Notice is annexed hereto as **Exhibit "B"**.

11. The Notice was delivered by email on December 28, 2018 to Defendants' CEO, Guillermo Roldan <gmroldan@gsacol.com>, and to Defendants' appointed legal representative in Colombia, Mario Tovar <mtovar@gsacol.com>. A copy of Plaintiff's counsel's email and the delivery receipt is annexed hereto as **Exhibit "C"**. A copy of the Affidavit of Juan Manuel Barón Reyes with certified English translation, showing hand delivery on December 28, 2018 is annexed hereto as **Exhibit "D"**.

3

12. Plaintiff subsequently learned that, in January 2019, Defendants had surreptitiously substituted the law firm of Mario Tovar as its appointed legal representative in Colombia in place of Mario Tovar, individually.

13. On January 18, 2019 Plaintiff delivered the Notice to Defendants' newly-designated persons for service at <impuestos@gsacol.com> and <analista.contable@gsacol.com>. A copy of the January 18, 2019 email and delivery receipt is annexed hereto as **Exhibit "E"**.

14. Plaintiff made further delivery of the Notice to Defendants by FedEx and by hand delivery. A copy of the FedEx receipt showing delivery on January 21, 2019 is annexed hereto as **Exhibit "F"**. A copy of the Affidavit of Juan Manuel Barón Reyes with certified English translation, showing hand delivery on January 23, 2019, is annexed hereto as **Exhibit "G"**.

15. As set forth in the Notice, differences and disputes had arisen in respect of the Agency Agreement. The differences and disputes, for which estimates of damages sustained by Plaintiff can presently be calculated, include:

   a. Defendants failed to remit ocean freights and other monies owed to Plaintiff that had been collected by Defendants from Plaintiff's customers. Based upon current estimates, the amounts owed by Defendants is $3,441,130.29. The ocean freights and other monies owed by Defendants to Plaintiff continue to accrue.

   b. On August 23, 2018, Defendants negligently and in breach of the Agency Agreement caused 16 containers, belonging to Plaintiff's customers, to be seized by Colombian Customs instead of being discharged at the Port of Buena Ventura. The seizure was caused by Defendants' error in having manifested only "166" containers to be discharged from the ocean vessel, rather than the correct number

4

       of "182" containers. As a consequence of the seizure, Plaintiff received preliminary claims from its customers for the 16 containers, whose value is presently estimated at $800,000.

  c. On December 4, 2018, Defendants failed to renew its $500,000.00 security Guarantee as required under the Agency Agreement, under protest of Plaintiff and without Plaintiff's consent. Since December 4, 2018, Defendants have failed to reinstate security in any of the forms permitted by the Agency Agreement. The Guarantee was specifically required pursuant to the Agency Agreement to guarantee remittance of ocean freights owed to Plaintiff.

  d. Furthermore, Plaintiff has additional allegations of breach of contract and wrongdoing by Defendants for which an accurate assessment of damages cannot be made at this time.

16. Despite the differences and disputes and Defendants' receipt of the Notice, Defendants refused and continue to refuse to appoint an arbitrator and/or submit to arbitration.

## COUNT I

### (Federal Arbitration Act)

17. Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein and at length.

18. The Agency Agreement requires that any and all differences and disputes arising in respect of the Agency Agreement shall be referred to arbitration. *See*, **Exhibit "A"** at ¶ 19. Pursuant to the Agency Agreement, a party may initiate such arbitration by giving notice specifying the name and address of the party's appointed arbitrator. *See*, **Exhibit "A"** at ¶ 19.

19. By letter dated December 28, 2018, Defendants were given notice of Plaintiff's

Demand For Arbitration, with Plaintiff specifying the name and address of Plaintiff's appointed arbitrator.

20. Defendants failed to appoint an arbitrator within fourteen (14) days of their receipt of the Notice.

21. Despite the differences and disputes and Defendants' receipt of the Notice, Defendants refused and continue to refuse to appoint an arbitrator and/or submit to arbitration.

22. Pursuant to the Federal Arbitration Act, Plaintiff respectfully requests that Defendants be judicially compelled to submit to private arbitration to resolve the differences and disputes arising in respect of the Agency Agreement.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in its favor:

A. Compelling Defendants to submit to the private arbitration;

B. Appointing an arbitrator on Defendants' behalf;

C. Awarding Plaintiff its reasonable attorneys' fees and costs; and

D. For such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
February 13, 2019

Montgomery McCracken Walker & Rhoads LLP
*Attorneys for Plaintiff*

By: /s/ Eric Chang
Eric Chang

echang@mmwr.com
437 Madison Avenue
New York, NY  10022
(212) 867-9500