UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVERGREEN SHIPPING AGENCY (AMERICA) CORPORATION f/k/a EVERGREEN AMERICA CORPORATION,** *Plaintiff*, v. **GLOBAL SHIPPING AGENCIES, et al.,** *Defendants*. | Civil Action No. 19-4958 ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Evergreen Shipping Agency (America) Corporation's ("Evergreen" or "Plaintiff") unopposed application for an entry of default judgment[1] pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 9, against Defendants Global Shipping Agencies, S.A. and Global Shipping Agencies, S.A.S., (together, "Global" or "Defendants");

and it appearing that this action arises out of an alleged breach of an agency agreement (the "Agency Agreement") whereby Global was to act as Evergreen's agent in Colombia and to provide Evergreen certain services there, see Am. Compl. ¶ 7, ECF No. 5;

and it appearing that Plaintiff alleges that Global failed to make certain remittances, permitted certain shipping containers to be seized by Colombian Customs agents by failing to manifest the correct number of containers in a shipment, and failed to renew a security guarantee, among other breaches of contract, id. ¶ 15;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that the Agency Agreement contains an arbitration provision that requires "[a]ny and all differences and disputes of Whatsoever nature arising between [Plaintiff] and [Defendant] in respect of this Agreement shall be referred to Arbitration in New Jersey," id. ¶ 8 & Agency Agreement ¶ 19, ECF No. 5.1;

and it appearing that on December 28, 2018, Plaintiff made a demand for arbitration under the Agency Agreement, id. ¶ 10;

and it appearing that despite receiving the notice, Defendants refuse to appoint an arbitrator under the Agency Agreement or otherwise submit to arbitration, id. ¶ 16;

and it appearing that on February 7, 2019, Plaintiff filed a Complaint against Global, seeking to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. and seeking an order appointing an arbitrator on behalf of Global and an award of attorney's fees and costs, see Compl. ¶¶ 17-22, which Plaintiff amended on February 13, 2019, see Am. Compl. ¶¶ 17-22 (seeking same relief);

and it appearing that Defendants have failed to answer the Complaint or otherwise respond as of the date of this Order;

and it appearing that Plaintiff filed the present Motion for Default Judgment seeking an order compelling Defendants to arbitrate in New Jersey pursuant to the rules of the Society of Maritime Arbitrators and appointing an arbitrator on behalf of Defendants, Pl. Mem. at 1, ECF No. 9.1;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that Defendants are two foreign corporations, each with a principal place of business in Medellin, Colombia, Am. Compl. ¶ 2;

and it appearing that under Federal Rule of Civil Procedure 4(f), a corporation served outside a judicial district of the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)," Fed. R. Civ. P. 4(h)(2);

and it appearing that under Rule 4(f)(1), a corporation served outside a judicial district of the United States must be served pursuant to the Hague Convention for the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), 20 U.S.T. 361 (1988), if the convention is applicable, see Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988) ("compliance with the Convention is mandatory in all cases to which it applies");

and it appearing that under Article 10(a) of the Hague Convention, if the state of destination does not object, the Hague Convention "shall not interfere with . . . the freedom to send judicial documents by postal channels, directly to persons abroad," Hague Convention Art. 10;

and it appearing that where a signatory nation does not object to the service of judicial documents through postal channels, the Hague Convention affirmatively authorizes the service of process by mail, see Moody Nat. FFI Meadowlands MT, LLC. v. Gager, No. 12-2124, 2013 WL 622128, at *8 (D.N.J. Jan. 24, 2013), report and recommendation adopted, 2013 WL 623509 (D.N.J. Feb. 19, 2013);

and it appearing that because Colombia has not objected to the service of judicial documents by mail under Article 10(a) of the Hague Convention, see Table Reflecting Applicability of Articles 8(2), 10(a), (b) and (c), 15(2) and 16(3) of the Hague Service Convention, https://www.hcch.net/en/instruments/conventions/specialised-sections/service; see also Zamora v. JP Morgan Chase Bank, N.A., No. 14-05344, 2017 WL 2954680, at *3 (S.D.N.Y. June 21, 2017)

("[b]ecause Colombia has not objected to the use of "postal channels" under Article 10(a), service of process by certified mail constitutes an appropriate method of service"), report and recommendation adopted, 2017 WL 2937683 (S.D.N.Y. July 10, 2017);

and it appearing that Plaintiff sent the summons and Amended Complaint to Defendants at their principal place of business in Medellin, Colombia via DHL, which the Court finds to be a sufficient "postal channel" under the Hague Convention, see ECF No. 9.6; Ackourey v. Noblehouse Custom Tailors, No. 13-2319, 2013 WL 6061365, at *4 (E.D. Pa. Nov. 15, 2013) (finding United States Postal Service certified mail to be an appropriate postal channel and noting that "other courts have recognized FedEx, DHL, and other commercial mail couriers . . . to be permissible")(citations omitted);

and it therefore appearing that Plaintiff properly served Defendants;

and it appearing that a district court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that a party "aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration," may petition the district court "for an order directing that such arbitration proceed in the manner provided for in such agreement," 9 U.S.C. § 4, and when presented with such a petition, a "federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law; in keeping with the well-pleaded complaint rule," Vaden v. Discover Bank, 556 U.S. 49, 62 (2009); see also Raymours Furniture Co. v. Rossi, No. 13-4440, 2014 WL 36609, at *6 (D.N.J. Jan. 2, 2014) (looking through Section 4 petition to determine if federal question is present);

and it appearing that this dispute arises from a shipping Agency Agreement, whereby Defendants agreed to serve as Plaintiff's agents for certain services connected to the transportation of goods by ocean container lines, see Am. Compl. ¶ 7, and therefore the underlying agreement Defendants allegedly breached is a maritime contract, within this Court's admiralty jurisdiction under 28 U.S.C. § 1333(1), Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 880 (3d Cir. 1992) ("When a shipping agent promises to perform maritime services, courts focus on whether the services scheduled to be performed pursuant to the agency agreement concern maritime activities");

and it appearing that, pursuant to the Agency Agreement, Global consented to personal jurisdiction in this forum by consenting to arbitrate disputes in New Jersey, Am. Compl. Ex. A § 19(a); see Silec Cable S.A.S. v. Alcoa Fjardaal, SF, No. 12-01392, 2012 WL 5906535, at *11 (W.D. Pa. Nov. 26, 2012) (agreeing to arbitrate disputes in particular location is "a significant factor which counsels in favor" of exercising personal jurisdiction for disputes arising from the arbitration);

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that "[b]efore compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement," Century Indem. Co. v. Certain Underwriters at Lloyd's, 584 F.3d 513, 523 (3d Cir. 2009);

and it appearing that the parties to the Agency Agreement agreed to arbitrate "[a]ny and all differences and disputes of Whatsoever nature . . . in respect of this Agreement," Am. Compl.

Ex. A § 19(a), a broad agreement to arbitrate that triggers a presumption "that any disputes between the parties to the agreement are arbitrable," Premier Health Ctr., P.C. v. UnitedHealth Grp., No. 11-425, 2012 WL 1098543, at *2 (D.N.J. Mar. 30, 2012) (citing AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)), therefore showing both the presence of an agreement to arbitrate and that this dispute falls within that agreement;

and it appearing that Plaintiff also seeks appointment of an arbitrator on behalf of Defendants, as they have "refuse[d] to appoint an arbitrator" under the Agency Agreement, Am. Compl. ¶ 16;

and it appearing that under the FAA, if an arbitration agreement includes "a method of naming or appointing an arbitrator" but a "party thereto shall fail to avail himself of such method," then "the court shall designate and appoint an arbitrator . . . who shall act under the said agreement with the same force and effect as if he . . . had been specifically named therein," 9 U.S.C. § 5;

and it appearing that under the Agency Agreement's arbitration provision, disputes are to be heard by a panel of three arbitrators, one appointed by each party and the third chosen by those appointed by each party, Am. Compl. Ex. A. § 19(b);

and it appearing that because Plaintiff has shown that it made a demand for arbitration, including selecting an arbitrator, Am. Compl. ¶ 10, and that Defendants have not responded to this demand or selected an arbitrator, the Court will appoint an arbitrator on behalf of Defendants;

and it appearing that courts consider the following three factors in deciding whether to grant a default judgment: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff would suffer prejudice if the Court denied default because denial would further delay an arbitration of the underlying disputes pursuant to the Agency Agreement;

and it appearing that, based on the facts alleged in the Complaint, Defendants do not appear to have a litigable defense to the petition to compel arbitration;

and it appearing that the Third Circuit has found that "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard," Mrs. Ressler's Food Prods. v. KYZ Logistics LLC, 675 F. App'x 136, 142 (3d Cir. 2017);

and it appearing that Defendants' failure to respond to either the demand for arbitration, first delivered on December 28, 2018, Am. Compl. ¶ 11, and to the complaint in this action, which was served on March 5, 2018, constitutes willful conduct and therefore satisfies the culpable conduct standard;

and it appearing that all three factors accordingly support the entry of default judgment;

**IT IS** on this 12th day of November, 2019;

**ORDERED** that Plaintiff's Motion for Default Judgment on its petition to compel arbitration, ECF No. 9, is **GRANTED**; and it is further

**ORDERED** that the parties dispute is hereby referred to arbitration; and it is further

**ORDERED** that Plaintiff's request to have a substitute arbitrator appointed on behalf of Defendants is **GRANTED**. George J. Tsimis, of Manhasset, New York, a member of the Society of Maritime Arbitrators, is hereby appointed as arbitrator for Defendants.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**